IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

ROBERT M. McCARDLE,
NANCY R. McCARDLE,

    Plaintiffs,

v.                                                        CIVIL ACTION NO. 5:19-CV-143
                                                            Judge Bailey

XCL MIDSTREAM OPERATING, LLC,
PRICE GREGORY INTERNATIONAL,
INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO STRIKE

Pending before this Court are Plaintiffs' Motions to Strike and Memoranda in Support [Docs. 56 & 57], filed September 27, 2021. Therein, plaintiffs ask this Court to strike Defendant Price Gregory International, Inc.'s Notice of Non-Party Fault [Doc. 23], filed October 3, 2019, and Defendant XCL Midstream Operating, LLC's Notice of Non-Party Fault [Doc. 25], filed October 11, 2019. On October 8, 2021, defendant XCL Midstream Operating, LLC ("XCL Midstream") filed a response in opposition. [Doc. 59]. On the same day, defendant Price Gregory International, Inc. ("Price Gregory") joined in XCL Midstream's response. [Doc. 60]. On October 12, 2021, plaintiffs filed a reply. [Doc. 61]. On October 14, 2021, XCL Midstream filed a Motion for leave to file a sur-reply, which this Court granted. [Docs. 62 & 63]. The Motions are now fully briefed and ripe for decision. For the reasons that follow, this Court will grant the Motions.

## BACKGROUND

This case arises out of a dispute over an oil and gas pipeline which crossed plaintiff's property in Marshall County, West Virginia. As alleged in the Complaint,

defendant XCL Midstream wished to build a pipeline across plaintiffs' property and entered negotiations with them for a right-of-way agreement. Defendant Price Gregory, was retained to conduct the actual construction across the property, and plaintiffs' allege that the work done by Price Gregory caused substantial damage to the land, including causing multiple earth slippages. Plaintiffs brought suit on April 5, 2019, alleging multiple causes of action including trespass, breach of contract, and property damage.

In October 2019, each defendant filed a Notice of Non-Party Fault, which are the subject of the instant Motions. On September 1, 2020, this Court stayed the case pending completion of restoration work on plaintiffs' property. [Doc. 48]. On September 2, 2021, this Court held a Scheduling Conference, lifted the stay, and set a new schedule. [Doc. 53]. The Court notes that discovery is ongoing in this case.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(f) permits a district court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). As the Fourth Circuit has recognized, "[A] defense that might confuse the issues of the case and would not, under the facts alleged, constitute a valid defense to the action, can and should be deleted." ***Waste Mgmt. Holdings, Inc. v. Gilmore***, 252 F.3d 316, 347 (4th Cir. 2001). "[I]f a movant can show that a defense is clearly insufficient, the court should grant the motion to strike." ***Racick v. Dominion L. Assocs.***, 270 F.R.D. 228, 232 (E.D. N.C. 2010). Before striking a defense, the court should determine that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." ***Nat'l Credit Union Admin. v. First Union Cap. Markets Corp.***, 189 F.R.D. 158, 163 (D. Md. 1999) (quoting

*Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W.Va. 1993)); *cf. U.S. Commodity Futures Trading Comm'n v. AS. Templeton Grp., Inc.*, 297 F.Supp. 2d 531, 533 (E.D. N.Y. 2003) ("In order to prevail on a motion to strike a defense for legal insufficiency, a plaintiff must show that (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense."). Furthermore, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (2nd ed. 1990)).

## DISCUSSION

Under W.Va. Code § 55-7-13d, "[i]n assessing percentages of fault, the trier of fact shall consider the fault of all persons who contributed to the alleged damages regardless of whether the person was or could have been named as a party to the suit." W.Va. Code § 55-7-13d(a)(1). If a defendant wishes for the fault of a nonparty to be considered, "[n]otice shall be filed with the court and served upon all parties to the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." W.Va. Code § 55-7-13d(a)(2). "In all instances where a nonparty is assessed a percentage of fault, any recovery by a plaintiff shall be reduced in proportion to the percentage of fault chargeable to such nonparty." W.Va. Code § 55-7-13d(a)(3). Finally, the statute indicates that "[n]othing in this section is meant to eliminate or diminish any defenses or immunities,

which exist as of the effective date of this section, except as expressly noted herein." W.Va. Code § 55-7-13d(a)(4).

The notices of non-party fault filed in this case are minimal in their identification of potential non-parties; each identify:

1. Any unnamed and/or yet to be identified independent contractors and their employees, and/or any county, city, state, or federal agencies and/or departments and their employees that caused or contributed to Plaintiffs' alleged injuries.

2. Any unnamed and/or yet to be identified contractors that worked in this area or utilized the roadway at issue for any purpose.

[Docs. 23 at 1; 25 at 1–2]. In their motions, plaintiffs argue the above description "fails to identify any non-party by name or otherwise," and that it "fails to set forth any facts, legal theories, or any other basis whatsoever for believing that the unknown non-parties might be at fault." [Docs. 56 at 2; 57 at 2]. In response, XCL Midstream argues that under the statute, it is not required "to set forth the name of the non-party or its complete theory of liability at this point." [Doc. 59 at 3]. XCL Midstream points out that the statute expressly contemplates a notice without specific names of potentially liable third parties. [Id. at 6]. It argues that discovery is still ongoing, and without information on alleged damages, it is unable to identify the non-party or theory of fault. [Id. at 7]. XCL Midstream further points to this Court's ruling in *Metheney v. Deepwell Energy Servs., LLC*, No. 5:20-CV-54, 2021 WL 2668821 (N.D. W.Va. June 29, 2021) (Bailey, J.) to argue that the Court should deny the Motion and allow it to continue to develop its theories of liability. [Doc. 59 at 8].

The Court's opinion in *Metheney* has little bearing on the instant Motion. In that

4

case, this Court found that a defendant could identify a non-party at fault who was otherwise immune from liability. The Court also found that the timing requirement imposed by W.Va. Code § 55-7-13d was procedural, not substantive, and is inapplicable in federal court. *Metheney*, 2021 WL 2668821, at *7 (N.D. W.Va. June 29, 2021). The instant motions instead challenge the minimal identification of either the non-parties or the basis of fault.

In its sur-reply, XCL Midstream argues that it is unable to defend against plaintiffs' claims "until Plaintiffs actually identify what and where their property damages are." [Doc. 62-1]. Its argument in regard to *Metheney* seems to be that, while its notice of non-party fault is currently vague and does not identify anything, it should be allowed more time because this Court has "refus[ed] to apply a strict timing requirement for Notices." [Doc. 62-1 at 4].

While the Court agrees that defendants should not be held to the timing requirement of W.Va. Code § 55-7-13d(a)(2), the notices in this case fail to meet the other requirements of that section. First, as to identifying the nonparty, the notices give no identification whatsoever. More importantly, the notices do not even attempt to include "a brief statement of the basis for believing such nonparty to be at fault." W.Va. Code § 55-7-13d(a)(1). Accordingly, this Court finds that the Motions to Strike should be granted, but will give defendants leave to file new notices

## CONCLUSION

Upon consideration of the above, Plaintiffs' Motions to Strike and Memoranda in Support [**Docs. 56 & 57**] are hereby **GRANTED**. Accordingly, the Notices of Non-Party

5

Fault [**Docs. 23 & 25**] are **ORDERED STRICKEN**. Defendants shall have **sixty (60) days** from the entry of this Order to file new Notices of Non-Party Fault. The Court further notes that defendant Price Gregory International, Inc.'s filing joining in the response [**Doc. 60**] was filed as a Motion; because it is not a motion, the Clerk is directed to terminate it.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** October 27, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE